AMBRO, Circuit Judge,
dissenting.
Petitioners seek, under Federal Rule of Civil Procedure 23(f), our review of Judge Brody’s “conditional certification” of a settlement class and subclasses as “preliminarily satisfying] the requirements of Rule 23.” In re Nat’l Football League Players’ Concussion Injury Litig., 301 F.R.D. 191, 202 (E.D.Pa.2014). My colleagues dismiss the petition for lack of jurisdiction because they deem “conditional” class-certification orders as no longer proper under Rule 23(c), the only provision in Rule 23 directly concerning class certifications. As I believe Rule 23(f) authorized (and for sure nowhere limits—in word or intent) our review of the order Judge Bro-dy entered, I would deny the petition for review because granting it would result in inefficient (indeed, chaotic) piecemeal litigation that would interfere with the formal fairness hearing on the settlement. Though in either case petitioners lose, I dissent from my colleagues’ means to that end.
Federal Rule of Civil Procedure 23(f), adopted in 1998, states that “[a] court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered.” Per the Advisory Committee Note for this provision, permission is “in the sole discretion of the court of appeals,” which
is given unfettered discretion whether to permit the appeal, akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari.
The district court, having worked through the certification decision, often will be able to provide cogent advice on the factors that bear on the decision whether to permit appeal. This advice can be particularly valuable if the certification decision is tentative.
Fed.R.Civ.P. 23(f) Advisory Committee’s Notes (1998 amendments) (emphases added).
Five years later, Federal Rule of Civil Procedure 23(c)(1) was modified to eliminate class certifications that “may be conditional” on later proof that a proper class exists. Thus a “court that is not satisfied that the requirements of Rule 23 [in effect, sections (a) and (b)] have been met should refuse certification until they have been met.” Fed.R.Civ.P. 23(c) Advisory Committee’s Notes (2003 amendments). No change to section (f) occurred, nor was there any Advisory Committee comment as to the effect of the (c)(1) change on section (f). The blink response, both textual and logical, is that appellate courts still have “unfettered discretion” to review class-certification orders of any kind— whether conditional (especially so where a court is not satisfied that there exists what Rule 23 requires to certify a class) or not.
The Federal Rules of Civil Procedure have as thorough a review process as any I know (or can imagine). In practice, that process begins with the Advisory Committee on Civil Rules, which is comprised of civil procedure experts from the judiciary and academia and is advised by one or more reporters assigned to it. The Advisory Committee reviews suggestions for Rules changes and drafts proposed new Rules and Rules amendments along with annotated notes of explanation. When the Advisory Committee decides to recommend an amendment, it seeks approval from the Judicial Conference’s Committee on Rules of Practice and Procedure (the *590 “Standing Committee”) to publish a proposed amendment for comment from the bench, bar and public. The comment period lasts at least six months and includes public hearings. The Advisory Committee reviews the comments and hearing testimony, typically makes changes to the proposed Rules (if substantial, an additional period for notice and comment usually follows), and forwards those changes to the Standing Committee along with any minority views of Advisory Committee members. If the Standing Committee approves the proposals of the Advisory Committee, it forwards them to the Judicial Conference of the United States (which includes at its head the Chief Justice of the United States) along with the Advisory Committee’s report and the Standing Committee’s own recommendations. If approved by the Judicial Conference, and Congress does not act otherwise, the Rules go into effect. See How the Rule Making Process Works, Overview for the Bench, Bar and Public, United States Courts, http://www. uscourts.gov/RulesAndPolicies/rules/about-rulemaking/how-rulemaking-process-works/overview-bench-bar-public.aspx (last visited Nov. 30, 2014). What all this means is that experts on civil procedure review all content of the Federal Rules of Civil Procedure. It is the opposite of “legislative history” drafted two weeks after a floor amendment passes in Congress.
In reviewing any Civil Rules dispute, a court’s intent is to follow the drafters’ intent. The latter is taken from a Rule’s words and the accompanying Advisory Committee Notes. As we know from reading the Rules and their Notes, little is left to the imagination. In this case, the text of Rule 23(f) grants without restriction the authority to consider appeals from orders granting or denying class certification, and its Advisory Committee Note makes clear the grant is so unconstrained that it is the equal of the discretion given the Supreme Court to grant certiorari. If, for example, an order certified a class without findings that Rule 23 requirements are met (hence a conditional order), a court of appeals can rule that this is improper and deny the appeal. This is what our Court did in Hohider v. United Parcel Service, Inc., 574 F.3d 169, 202 (3d Cir.2009).
Despite this, my colleagues think the change in 2003 to subsection (c)(1) annuls the jurisdiction of an appellate court even to consider an appeal from a conditional class-certification order. Their logic at base is that a change in 2003 to circumscribe Rule 23(c)(1) must intend a change to 23(f) such that no longer can there be appeals literally “from an order granting ... class action certification,” but only from an order “issued pursuant to Rule 23(c)(1). An order ... that ‘preliminarily’ or ‘conditionally’ addresses class certification but reserves the class certification determination for a later time, does not qualify as an ‘order granting or denying class-action certification’ that is subject to interlocutory review under Rule 23(f).” Maj. Op. at 584. In layperson-speak, the drafters somehow forgot to limit “order” in section (f) or to change the Advisory Committee Note to that section. I cannot go for this overstretch when the words of Rule 23(f) are nowhere short of clear and the consequence is that a federal appellate court gives back jurisdiction given it by our Rules drafters and those who must approve that grant.
A textualist (one who seeks the meaning of a statute or regulation by reviewing its actual words without resort to extratextual sources) begins with the text of Rule 23(f), and so does Judge Smith, a well-regarded textualist. Indeed, he claims here to rely on “plain text.” Id. at 572, 578. That’s ironic, as the Rule’s direct text gives appellate courts the discretion to allow inter *591 locutory appeals from class-certification orders. But, says Judge Smith, the “type of order” has yet to be addressed. Id. at 578 (emphasis in text). Only one “subdivision within Rule 23 govern[s] class-action certification orders: Rule 23(c).” Id. Though in 1998 it allowed district courts to certify a class conditionally, that authority, he believes, was taken away in 2003 when “a district court was no longer permitted to issue a ‘conditional certification.’ ” Id. at 579 (citing Hohider, 574 F.3d at 202).
What is interesting in citing our 2009 decision in Hohider is that there our Court noted that it had “jurisdiction over this interlocutory appeal [involving, among other things, an improper conditional certification of a class] under ... Fed.R.Civ.P. 23(f).” 574 F.3d at 175, 202. Despite the 2003 amendment to Rule 23(c), in 2009 we had the appellate authority to tell a district court that it may not certify a class conditionally. My colleagues acknowledge this by their statement that Hohider “held that the trial court’s ‘conditional certification ... was improper.’ ” Maj. Op. at 579-80 (emphases added) (quoting Hohider, 574 F.3d at 202).
The exercise of jurisdiction over a conditional certification is what our Second Circuit colleagues did as well in Denney v. Deutsche Bank AG, 443 F.3d 253, 269-70 (2d Cir.2006), though there the Court went further to hold that “conditional certification survives the 2003 amendment to Rule 23(c)(1),” id. at 270. The Eighth Circuit also did not question its jurisdiction to review a conditional certification order in Liles v. Del Campo, 350 F.3d 742 (8th Cir.2003). (I note that the Eighth Circuit’s opinion in Liles issued only the day after the 2003 amendments to Rule 23(c) went into effect, and the Court did not address directly its jurisdiction. That said, the proposed changes to (c) were in circulation many months before they were effective.)
So how, five years after Hohider, can our Court pronounce that we have no jurisdiction? Here is my colleagues’ take. Judge Brody’s order that, in her words, “conditionally certified” the proposed settlement class and subclasses was not issued pursuant to Rule 23(c)(1). Instead, “[she] exercised [her] authority under Rule 23(e) [which covers settlement procedures for class action settlements] and was managing a class-action settlement agreement.” Maj. Op. at 584. However, as “[t]he exact process a district court should follow when presented with a ‘settlement class’ is not prescribed by Rule 23(e),” id. at 581, the Manual for Complex Litigation (4th ed.2004) is consulted even though my colleagues concede it
“does not have the force of law and can not undermine ... decisions of this court.” In re Pharmacy Benefit Managers Antitrust Litig., 582 F.3d 432, 442 (3d Cir.2009); see also Manual for Complex Litigation, Introduction (explaining that the Manual “should not be cited as[ ] authoritative legal or administrative policy,” the Federal Judicial Center has “no authority to prescribe practices for federal judges,” and “[t]he Manual’s recommendations and suggestions are merely that”).
Maj. Op. at 581 n. 16.
Notwithstanding these statements to the contrary, id. at 581-82 n. 16; id. at 583 n. 17, my colleagues in effect move the Manual above the Rule and its commentary. They do so as follows. Section 21.632 of the Manual provides that “the certification hearing and preliminary fairness evaluation can usually be combined.” In doing so, “ ‘[t]he judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of *592 Rule 23(b).’” Maj. Op. at 582 (quoting Manual for Complex Litigation § 21.632 (emphasis added in quote)).' Calling this a “case management technique,” id. at 583, to ensure notice to absentee class members, “[t]he preliminary analysis of a proposed class is therefore a tool for settlement.” Id. (emphasis in text).
What all this has to do with Rule 23(f) “is unclear.” Id. at 583. But there is an “interplay between subdivision (c), (e), and (f) of Rule 23, [and my colleagues] emphasize that a district court should be fastidious in its choice of language when making a ‘preliminary determination’ as recommended by § 21.632 [of the Manual].” Id. at 583 (emphasis added).
What’s the point? “To be clear: ‘conditional certification’ should not be a preferred term of art in this Circuit. District courts should not couch a ruling as providing ‘conditional certification’ when they actually intend to issue a certification order at a later date.” Id. at 583-84. Our Court, though it does not have the jurisdiction to tell Judge Brody that her* “conditional certificatioii” is not the right call sign, nonetheless in several pages of dicta tells her so.
My take on my colleagues’ reasoning is, to quote the late Hollywood film producer Samuel Goldwyn, “Include me out.” Here’s why. Our highly experienced and respected District Court colleague knew exactly what she was doing. Judge Brody “conditionally certified” a class and subclasses “for settlement purposes only.” In re Nat’l Football League Players’ Concussion Injury Litig., 301 F.R.D. at 204. She did so after analyzing the requirements of Rule 23(a) and (b), id. at 199-202, and found that the proposed settlement class and subclasses “preliminarily satisf[ied]” those requirements, id. at 202. This was not the type of premature and unanalyzed approval of a litigation class that Rule 23(c) meant to bar because conditional certifications of litigation classes give inordinate leverage to plaintiffs’ class counsel to force a settlement not called for under closer scrutiny. Rather, Judge Brody, after satisfying herself that the relevant Rule 23(a) and (b) requirements were met, provisionally certified a class already set to settle once that settlement is found to be fair at a later hearing. (Indeed, she gave “preliminary approval” of the proposed settlement after making a “preliminary fairness evaluation” of it. Id. at 197-99.) That certification was needed to know to whom notice and the settlement should be sent. The use of “conditional” in this context is thus not verboten under subsection (c)(1). Indeed, conditional certifications for settlement classes continue after 2003. See Denney, 443 F.3d at 269-70; see also Ault v. Walt Disney World Co., 692 F.3d 1212, 1215 (11th Cir.2012) (noting the use of conditional certification by the district court).
Even if we assume Judge Brody used “conditional” incorrectly, “an error in the class certification decision that does not implicate novel or unsettled legal questions may still merit interlocutory review given the consequences likely to ensue.... [W]e emphasize that the courts of appeals have been afforded the authority to grant or deny [Rule 23(f) ] petitions ‘on the basis of any consideration that the court of appeals finds persuasive.’ ” Newton v. Merrill Lynch, Pierce, Fenner & Smith, 259 F.3d 154, 164-65 (3d Cir.2001) (quoting Fed. R.Civ.P. 23(f) Advisory Committee’s Notes (1998 amendments)).
* * * % :¡í *
My colleagues and I can agree that appellate courts should be reluctant to review class-certification orders on an interlocutory basis. To me that is enough. To go so far further by holding that we lack even the power to do so here is a bridge *593 too far (especially in the wake of Hohider and no other Circuit after 2003 finding its jurisdiction lost for interlocutory appeals of conditional class certifications). There is no support for ceding jurisdiction in the words of Rule 23(f), the Advisory Committee Note for that section, or subsection (c)(1). To seek that support in the Manual for Complex Litigation, which tells us it is not to be cited as authority, “complexi-fies” what is simple: appellate courts have “unfettered discretion” to consider any order that grants or denies class-action certification. Those certification orders were circumscribed in 2003 to ones that require more careful attention to the well-understood requirements of Rule 23(a) and (b). That occurred without any change to the unconstrained review of certification orders given to appellate courts only five years earlier. Hence Rule 23(c) does not bleach out the simple and direct words of Rule 23(f).
If Rule 23(f) appellate jurisdiction is to be limited, it must come from its drafters amid the well-conceived approval process in place. In the meantime, not to follow the words of Rules in place substitutes us as their drafters and makers of policy. As that is too active a role for a court, I respectfully dissent.